**Clifton J. MATTSON, Respondent,**

v.

**STATE of Minnesota, DEPARTMENT OF PUBLIC SAFETY, Self–Insured, Relator.**

**No. C5–92–2008.**

Supreme Court of Minnesota.

Jan. 29, 1993.

James M. Sherburne, Sherburne Law Office, P.A., Minneapolis, for respondent.

E. Michael Forde, Gilmore, Aafedt, Forde, Anderson & Gray, P.A., Minneapolis, for relator.

SIMONETT, Justice.

The Workers' Compensation Court of Appeals reversed a compensation judge's denial of a claim for economic recovery compensation. We reverse.

Clifton J. Mattson is a former state highway patrol officer. He sustained compensable low back injuries on August 21, 1966 and April 11, 1989. Following the 1989 injury, employee continued working in his regular position as safety education officer until September 15, 1989, when his retirement as a state patrol officer, at age 60, was mandated by state law. Since mandatory retirement, employee has been receiving a monthly pension from the state in the amount of $2,385.

On April 6, 1990, employee was served with notice of maximum medical improvement and received impairment compensation for the increase in disability resulting from the 1989 injury. Because there had been no offer of employment within 90 of days MMI, employee filed a claim for economic recovery compensation. The compensation judge denied the claim, concluding permanent partial disability was payable as impairment compensation. On appeal, the Workers' Compensation Court of Appeals reversed.

Minn.Stat. § 176.101, subd. 3e(b) (1988), the applicable provision, states in relevant part:

> If at any time prior to the end of the 90–day period described in clause (a) the employee retires or the employer furnishes work to the employee that is consistent with an approved plan of rehabilitation and meets the requirements of

section 176.102, subdivision 1, or, if no plan has been approved, that the employee can do in the employee's physical condition and that job produces an economic status as close as possible to that the employee would have enjoyed without the disability, or the employer procures this employment with another employer or the employee accepts this job with another employer, temporary total compensation shall cease and *the employee shall, if appropriate, receive impairment compensation * * *.*

(Emphasis added). The statutory language is unambiguous. Minn.Stat. § 645.16. An injured worker who retires prior to expiration of the 90–day period following service of the MMI report receives impairment compensation, not economic recovery compensation. Accordingly, the WCCA's approval of the claim for economic recovery compensation is reversed.

Reversed.

PAGE, J., took no part in the consideration or decision of this case.